IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | No. 3:26-mj-00093-MMS |
|---|---|
| Plaintiff, | |
| vs. | |
| ETUALE IOANE, | |
| Defendant. | |

## AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

I, Deputy U.S. Marshal James Antonelli, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am making this affidavit in support of an application for a Criminal Complaint for **Etuale IOANE**. An investigation has revealed that there is probable cause to believe that **IOANE** has committed a violation of 18 U.S.C § 751(a), Prisoners in custody of institution or officer.

2. I have been a Deputy U.S. Marshal with the Department of Justice and have worked for the U.S. Marshals (USMS) since September 2024. I am currently assigned to the Pacific Northwest Violent Offender Task Force (PNVOTF) where I am responsible for conducting investigations and have been involved in numerous fugitive apprehension investigations. In addition to the training I receive in fugitive apprehension, I have completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center, and I am certified in such areas as legal aspects and duties regarding search and seizure as a Federal

Law Enforcement Officer. I am a Criminal Investigator of the United States within the meaning of Section 566 (e)(1)(B) and CFR 0.111(a) of Title 28, United States Code (U.S.C.); that is, an officer of the United States who is employed to investigate such fugitive matters, both within and outside the United States, as directed by the Attorney General and execution of Federal arrest warrants pursuant to Rule 4 of the Federal Rules of Criminal Procedure, Federal parole violator warrants pursuant to Section 4206 of Title 18 U.S. Code, Federal custodial and extradition warrants as directed, and felonious state warrants adopted by the agency.

3. I submit this affidavit for the limited purpose of securing an arrest warrant. Therefore, I have only included those facts necessary to establish probable cause to believe that evidence of violations, or attempted violations, of 18 U.S.C § 751(a), Prisoners in custody of institution or officer, respectively, and that **IOANE** is the person who committed those offenses.

## RELEVANT STATUTES

4. 18 U.S.C § 751(a), Prisoners in Custody of Institution (a/k/a Escape from Federal Custody), states as follows:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or

*United States v. ETUALE IOANE*
Affidavit in Support of Criminal Complaint

Page 2 of 4

both; or if the custody or confinement is for extradition, or for exclusion or expulsion proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined under this title or imprisoned not more than one year, or both.

## PROBABLE CAUSE

5. **IOANE** pleaded guilty on February 9, 2024, to one count of Credit Union Robbery in violation of 18 U.S.C. § 2113(a) in District of Alaska case number 24-CR-0004-SLG. On June 24, 2024, the Honorable District Court Judge Sharon L. Gleason sentenced **IOANE** to 36 months imprisonment, followed by 3 years of supervised release.

6. The Bureau of Prisons (BOP) released **IOANE** into the custody of the Cordova Center in Anchorage, Alaska, which is in the District of Alaska, on September 16, 2024.

7. The Cordova Center is a BOP approved facility that assists in the reentry into society individuals in BOP custody. Individuals must gain permission to leave the facility, and when they do leave, they must sign in and out. There are curfews (with some exceptions) and times when individuals are required to be at the facility. Those in the Cordova Center are in BOP custody.

8. **IOANE's** scheduled release date from the Cordova Center was in July 2026.

9. On February 9, 2026, around 7:30 p.m., **IOANE** became verbally aggressive to the Cordova Center staff. Staff told **IOANE** that the police would be called if he did not change his behavior. At this point, **IOANE** walked out the front door of the facility. Because **IOANE** walked out without permission, he was placed on escape status and the



USMS was notified. **IOANE** has yet to return to the Cordova Center nor has he made contact with the staff there.

## CONCLUSION

10. Based on the information set forth in this affidavit, I submit that there is probable cause to believe **IOANE** violated 18 U.S.C § 751(a), Prisoners in Custody of Institution (a/k/a Escape from Federal Custody), and respectfully request that a warrant for his arrest be issued.

JAMES ANTONELLI
Deputy U.S. Marshal, USMS

Affidavit submitted by email and
attested to me as true and accurate by
telephone consistent with Fed.R.Crim. P.
4.1 and 4(d) on this 10th day of
February 2026

HON. MATTHEW M. SCOBLE
United States Magistrate Judge
District of Alaska, Anchorage, Alaska

*United States v. ETUALE IOANE*
Affidavit in Support of Criminal Complaint
Page 4 of 4